NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
LISA CARTIER-GIROUX
Nevada Bar Number 14040
Assistant United States Attorney
STEPHANIE IHLER
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Email: Lisa.Cartier-Giroux@usdoj.gov
*Attorneys for the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:20-mj-00464-BNW |
| Plaintiff, | **Government's Emergency Motion for Stay of Magistrate Judge's Release Orders Pursuant to 18 U.S.C. § 3145(a)** |
| vs. | |
| TYREE WALKER and | **(Oral Argument Requested)** |
| RICARDO DENSMORE, | |
| Defendants. | |

Certification: This motion is timely filed.

The United States of America, by and through Nicholas A. Trutanich, United States Attorney, and Lisa Cartier-Giroux and Stephanie Ihler, Assistant United States Attorneys, hereby moves this Honorable Court, pursuant to 18 U.S.C. § 3145(a), for an Order staying the release orders orally entered by United States Magistrate Judge Brenda N. Weksler on June 5, 2020, as to defendants **Tyree Walker** and **Ricardo Densmore**, to permit the government to

1

present its motion to revoke the release orders.  Defense counsel for **Walker** is Assistant Federal Public Defender Erin Gettel and counsel for **Densmore** is Ivette Maningo, Esq.

Based on the nature of the relief sought and the fact that the Magistrate Judge denied the government's request for a stay, the government respectfully requests expedited treatment and a hearing on this Motion, if necessary, as soon as practicable.  Because it is likely that the Court is unable to conduct a hearing on this matter before defendants' release, the government respectfully requests the Court to issue an order staying the Magistrate Judge's order as to these defendants until Monday, June 8, 2020, or such time as the Court can hold a hearing or otherwise rule on the government's Motion.

## I. Background

On June 4, 2020, the government submitted and United States Magistrate Judge Brenda N. Weksler signed and filed a complaint against defendants Tyree Walker ("Walker"), Devarian Haynes ("Haynes"), and Ricardo Densmore ("Densmore), charging all defendants with one count of conspiracy to commit arson, in violation of 18 U.S. C. § 844(n) and arson, in violation of 18 U.S.C. §§ 844(i) and 2. *See* ECF No. 1.  These charges arose from defendants pouring gasoline into an unoccupied police unit at Carson and South 9th Street near the area of the protests for the death of George Floyd[1].  The defendants set the gasoline on fire, and then dropped the gas can into the burning vehicle.  Defendant Densmore recorded the incident and posted it on social media. On the recording, the defendants are laughing and discussing which vehicle to burn and how to burn it. The video shows defendant Haynes poured a flammable liquid from a gasoline can into a broken or missing window of the police vehicle and Walker then dropped a burning object into the vehicle setting it aflame. Haynes then

---

[1] The area is surrounded by both residences and businesses.

dropped the gas canister into the window. The defendants then flee the scene. The vehicle burned in the ensuing fire, requiring firefighters to suppress it. The defendants confessed to committing the arson. (Complaint, ¶¶ 3-5).

All three defendants made their initial appearances on the complaint on June 5, 2020. All pleaded not guilty. The government sought detention as to all defendants, relying upon danger to the community, such that no condition or combination of conditions could assure the appearance of the defendants or the safety of the community, given the nature of the offenses and lack of any conditions that defendants could present to mitigate the danger that they presented. Pre-Trial Services also recommended detention as to all defendants. With regard to Densmore, Pretrial Services was not able to determine residential history or employment but discovered criminal history that included failures to appear in 2014, 2016 and 2018, as well as a conviction for domestic battery in 2019.

As for Walker, Walker told Pretrial Services that he could stay with his half-brother but that individual was not willing to verify any of Walker's information or that Walker could return to the half-brother's residence. Walker stated that he had a good relationship with his mother but could not provide a telephone number for her. In fact, at the hearing, a person identifying herself as Walker's mother called and stated Walker could stay with an uncle, who could not be contacted. Walker claimed to have employment at a gas station, but upon contact by Pretrial Services, the owner stated that Walker had worked there in the past but was not welcome to return.

Defendant Haynes requested a continuance until Monday, June 8, 2020; his bail status is therefore not the subject of this motion. With regard to defendants Walker and Densmore, on June 5, 2020, at approximately 7:30 p.m., the Magistrate Judge orally ordered these

defendants released on bond.  The government sought a stay, which the Magistrate Judge denied.

## II. Argument

Under 18 U.S.C. § 3145(a), the District Court with original jurisdiction over the charged offense has the jurisdiction to review a Magistrate Judge's release order, and said review is to be conducted *de novo*; it must also be completed "promptly." *See, e.g.*, *United States v. Fernandez-Alfonso*, 813 F.2d 1571 (9th Cir. 1987) (delay of 30 days between defendant's motion for review of magistrate's pretrial detention order and district court hearing violated requirement under Bail Reform Act that district court determine motion "promptly," even though delay was inadvertent and not due to any fault of the parties).

The government submits that to effectuate this review, a stay is warranted.  The government believes, upon *de novo* review by this Court, based on the facts and circumstances of this case and the failure of defendants Walker and Densmore to present any conditions to mitigate the danger they present, the Magistrate Judge's release orders should be revoked.  That is, defendants pose a risk of danger to the community that cannot be reasonably mitigated with any condition or combination of conditions.  To permit this review to occur, the government respectfully requests that the Magistrate Judge's orders for forthwith release be stayed.

**A. The Defendants Pose an Unmitigated Danger to the Community.**

The government respectfully submits that the Magistrate Judge erred in finding that the government did not meet its burden to show there were no conditions or combination of conditions that would reasonably assure the safety of the community from these defendants. In considering the danger these defendants pose to the community, 18 U.S.C. § 3142(g)(1), (2) and (4) instruct that the Court should take into account "the nature and circumstances of the offense charged," "the weight of the evidence against the person," and "the nature and seriousness of

the danger to *any* person *or* the community that would be posed by the person's release." (Emphasis added).

The government submits that defendants Walker and Densmore, based on the offense, the weight of the evidence, and the facts and circumstances described in the complaint, pose a continuing danger to the community if released. A stay is appropriate to consider this issue under 18 U.S.C. § 3145. While that statute "does not expressly authorize a stay . . . given that the issue being reviewed involves a person's release from custody pending further legal proceedings, the absence of stay authority could render the district court's review power illusory." *United States v. Brigham*, 569 F.3d 220, 230 (5th Cir. 2009). The government has presented issues regarding danger that merit consideration and hence exercise of the Court's power to issue a stay.

 1. <u>Nature and circumstances of the offense charged and weight of the evidence.</u>

The offense charged in the complaint occurred just after midnight on May 31, 2020. The police vehicle had arrived in connection with crowd control for protests relating to the death of George Floyd. The defendants acted in concert to pour a flammable liquid into the vehicle and ignite it, causing a conflagration that required the Fire Department to suppress and extinguish it and caused virtually irreparable damage to the vehicle and put the persons, homes, and businesses in the vicinity of the fire at risk. As stated, each defendant upon arrest on June 3, 2020, admitted his participation in the arson.

The Court may consider the nature of the offense and weight of the evidence, although of the four factors, the weight of the evidence against defendants is the least important. *See United States v. Gebro*, 948 F.2d, 1118, 1121 (9th Cir. 1991); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986). With regard to the nature of the offense, arson is a dangerous crime—particularly when a fire is set during protest. It is dangerous not only the first

responders, but also to peaceful protesters and innocent bystanders, as well as residents and businesses in the area. In this case, the defendants' set fire to the car, apparently without regard to potentially igniting the car's gas tank, or exploding any ammunition in the car, causing even more destruction, and forcing additional first responders to navigate their way through a chaotic situation. Even though weight of the evidence is not as important, nevertheless, 18 U.S.C. § 3142(g) *requires* this Court to consider the nature of the offense and evidence of guilt; these factors may be considered in terms of the likelihood that defendants will pose a danger to the community if released. *See United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985); *cf. United States v. Winsor*, 785 F.2d 755, 757 ("[e]vidence of guilt is relevant only in terms of the likelihood that the person will fail to appear or will pose a danger to the community"). Given the undisputable fact that defendants participated in the arson, the government submits that the weight of the evidence against defendants is strong and that defendants are clearly a danger to the community.

    2. <u>Defendants Also Present a Risk of Flight</u>

In addition, these defendants present a risk of flight. For example, defendant Walker said he could return to his brother at their residence. When Pretrial Services was not able to verify an occupant at the residence, Walker stated he could stay with his uncle. Even though this information could not be verified, the court based its release order on this representation without vetting the uncle as an appropriate third party custodian or verifying the appropriateness of the residence or his desire to have Walker reside with him. With regard to his employment, defendant Walker stated he worked at a gas station; when that employer was contacted by Pretrial, the employer said Walker had worked there in the past but was not welcome to return because he was previously on "his last strike."

The government also submitted that Densmore did not have a verifiable residence (he had a recent history of living with his father in Michigan) or employment history. Densmore also presented a criminal history that presented cause for concern, that is, had failure to appear violations in 2014, 2016, and 2018 and, most recently, a conviction for domestic battery in 2019. Nevertheless, Magistrate Judge Weksler determined there were family ties based upon a call from Densmore's mother, who stated Densmore could stay with his uncle (who as noted above could not be contacted in order to verify that he was willing to allow Desmore to reside at his residence, or speak with him in order to verify that individual was an appropriate third party custodian).

\*\*\*

At a minimum, the offense and defendants' circumstances present issues that the Court should consider through exercise of a stay to permit consideration of the government's motion to revoke the release orders under 18 U.S.C. § 3145.

### III. Conclusion

The Magistrate Judge's release orders for defendants Walker and Densmore raise issues that merit review by this Court. Accordingly, the government submits that a stay of these orders should issue to permit review under 18 U.S.C. § 3145, at least until the close of business of Monday June 8, 2020, when the government's motion to revoke release orders can be heard before this Court.

DATED: June 5, 2020

Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney

 /s/  Lisa Cartier-Giroux

LISA CARTIER-GIROUX
Assistant United States Attorney

STEPHANIE IHLER
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYREE WALKER and<br><br>RICARDO DENSMORE,<br><br>Defendants. | Case No. 2:20-mj-00464-BNW<br><br><br>**ORDER** |

The Court, having received, reviewed, and considered the Government's Emergency Motion for Stay of Magistrate Judge's Release Orders Pursuant to 18 U.S.C. § 3145(a),

IT IS THEREFORE ORDERED that the Magistrate Judge's orders of release for defendants Tyree Walker and Ricardo Densmore, issued on June 5, 2020, are stayed until June _____, 2020, and a hearing on the government's motion for review of detention orders for these defendants is scheduled for June ____, 2020, at _____ a.m./p.m..  Any briefing on the motion should be filed no later than June _____, 2020.

DATED this ___ day of June, 2020.

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I certify that I am an employee of the United States Attorney's Office.  A copy of the foregoing **Government's Emergency Motion for Stay of Magistrate Judge's Release Orders Pursuant to 18 U.S.C. § 3145(a)** was served upon counsel of record, via Electronic Case Filing (ECF).

**DATED** this 5th day of June, 2020.

*/s/ Lisa Cartier-Giroux*

LISA CARTIER-GIROUX
Assistant United States Attorney