UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　v.<br>TYREE WALKER, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:20-cv-00464-BNW<br><br>ORDER |

　　　On late Friday evening, June 5, 2020, the Court granted the government's emergency motion to stay Magistrate Judge Weksler's earlier oral rulings directing release of Defendants Tyree Walker and Ricardo Densmore without waiting for a response. (ECF No. 7.) In doing so, the Court agreed with the government that the circumstances here required a stay to allow for the Court to address the government's objection given the rulings were issued late Friday, and the Court would not be able to fully address the objection until Monday morning. Defendant Walker has filed an emergency motion for immediate release, primarily arguing that the Court lacks authority to impose a stay under 18 U.S.C. § 3145.[1] (ECF No. 9.) The Court disagrees and finds that it has authority to impose a stay pending review.

　　　In granting a stay, the Court relied on an opinion the government cited—*U.S. v. Brigham*, 569 F.3d 220 (5th Cir. 2009). In that case, the court of appeals rejected the defendant's argument that the district court had no authority to stay the magistrate judge's release order pending review by the district court. *See id.* at 230. While the *Brigham* court noted that the statute governing review and appeal of a release order—18 U.S.C. § 3145—does not expressly authorize a stay, the court nevertheless found that "the

---

　　　[1]Walker contends that the government "makes a series of misrepresentations and omissions" in its motion. (ECF No. 9 at 8.) The Court will address this argument at the planned hearing.

absence of stay authority could render the district court's review power illusory."[2] *Id.* The court goes on to explain its rationale:

> Specifically, if the district court disagrees with the magistrate judge's determination regarding release versus detention, but no stay is in place, the person in question may have harmed the community or disappeared by the time the district court's ruling is rendered and detention is ordered.

*Id.* This need to ensure the Court's authority to review Judge Weksler's release orders is particularly acute and urgent given the circumstances of the government's emergency motion.

Here, the Complaint charges Defendants with conspiracy to commit arson and arson arising out of their alleged involvement in setting an unoccupied police vehicle on fire near the area of protests in Las Vegas in connection with George Floyd's death on May 31, 2020. (ECF No. 1.) In the government's motion, the government presented arguments as to why Walker and Densmore presented a danger to the community such that no conditions or combinations of conditions would reasonably mitigate that danger. (ECF No. 6 at 3.) With respect to Walker, the government represented in gist that information about where Walker could reside could not be verified. (*Id.*) The government raised similar concerns about Densmore. (*Id.*) Under these circumstances, including the government's stated concerns as to Walker and Densmore's danger to the community, the lack of clear information relating to both Defendants' backgrounds and potential residences, the late hour when the oral rulings directing release were issued, and the fact that the Court would ensure a prompt hearing occurred Monday morning, the Court

---

[2] Walker argues that aside from other flaws, *Brigham* involved release in the context of violations of supervised release and should not extend to pre-trial release where a defendant is presumed innocent. (ECF No. 9 at 7-8.) The important distinction between an individual on supervised release versus an individual on pretrial detention may affect the Court's evaluation of the 18 U.S.C. § 3142(g) factors, but it is not apparent to the Court why it is relevant to the Court's authority to stay Judge Weksler's release order, particularly when this Court may sua sponte consider detention. *See United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991) (holding that a district judge has authority to sua sponte consider detention); *see also United States v. Petersen*, 557 F. Supp. 2d 1124, 1129-30 (E.D. Cal. 2008) (granting stay of magistrate judge's release order pending district judge review).

granted the government's stay request to ensure its review of the release order is not "illusory."[3]

It is therefore ordered that Walker's emergency motion for immediate release (ECF No. 9) is denied pending the Court's review of Judge Weksler's release orders.

DATED THIS 7th day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]This is not to say that Walker's argument about the process and potential for unfairness does not resonate with the Court. However, the Court expects this type of emergency motion to be rare, and the Court's ruling before directing a response to be even more of a one-off.